UNITED STATES v. TWELVE BOTTLES OF WHISKY et al.

(District Court, D. Montana.    December 12, 1912.)

No. 220.

INDIANS (§ 35*)—INTRODUCTION OF LIQUORS INTO "INDIAN COUNTRY."

Lands to which the Indian title has been extinguished are no longer "Indian country," within the meaning of the general statutes prohibiting the introduction of liquor into the Indian country; and in the absence of some special treaty or statutory provision on the subject the introduction of liquor upon such lands is not unlawful, although they are within the boundaries of a reservation.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. § 35.*

For other definitions, see Words and Phrases, vol. 4, pp. 3545–3549.]

Libel of information by the United States against Twelve Bottles of Whisky. H. Coger interposed a claim. Judgment for claimant.

J. W. Freeman, U. S. Atty., of Helena, Mont.

Nichols & Wilson, of Billings, Mont., for defendant and claimant.

BOURQUIN, District Judge. Libel of information, for forfeiture of whisky seized in what is claimed to be "Indian country." Answer, not "Indian country."

From the evidence it appears the seizure was made in the incorporated town of Hardin, within the exterior boundaries of the Crow In-

dian diminished reservation and the state of Montana. The lands upon which said town is located were of said reservation, were allotted to Indians who thereafter died, were sold for the benefit of the deceased allottees' heirs (Act June 25, 1910, c.'431, 36 Stat. 855), were purchased by persons other than Indians, and were patented without restrictions and in fee simple to the vendees.

The treaties with the Crow Indians, and the statutes effectuating them, contain no prohibition of introduction of intoxicants upon any said Indians' lands, and promise none after the Indian title thereto is extinguished. See Act May 7, 1868, 15 Stat. 652; Act April 11, 1882, c. 74, 22 Stat. 43; Act March 3, 1891, c. 543, 26 Stat. 1042; Act April 27, 1904, c. 1624, 33 Stat. 352. The Crow lands are subject to only the general statute prohibiting introduction of intoxicants into the "Indian country"; the term including allotments so long as the legal title is in the United States, and so long as there are restrictions upon alienation. Act July 23, 1892, c. 234, 27 Stat. 260; Act Jan. 30, 1897, c. 109, 29 Stat. 506.

It is settled law that, when the Indian title to lands is extinguished, such lands are no longer "Indian country," that thereafter the general statute prohibiting introduction of intoxicants into the "Indian country" no longer proprio vigore applies to such lands, and that if the treaties or statutes by virtue of which the Indian title to such lands is extinguished do not prohibit introduction of intoxicants thereon, or do not continue the application of the general statute aforesaid, it is lawful to introduce intoxicants there. Clairmont v. U. S., 225 U. S. 558, 32 Sup. Ct. 787, 56 L. Ed. 1201; U. S. v. Sutton, 215 U. S. 291, 30 Sup. Ct. 116, 54 L. Ed. 200; Dick v. U. S., 208 U. S. 359, 28 Sup. Ct. 399, 52 L. Ed. 520; Bates v. Clark, 95 U. S. 204, 24 L. Ed. 471; U. S. v. Whiskey, 93 U. S. 188, 23 L. Ed. 846. The Indian title to the lands whereon Hardin is located having been extinguished under the circumstances hereinbefore set out, the whisky here involved was lawfully introduced thereon, and so is not subject to forfeiture.

It may be observed that the Constitution vests in Congress the power to make treaties with the Indians and to regulate commerce with them. In exercise thereof it yet could prohibit introduction of intoxicants upon the lands here involved and upon like lands within the boundaries of said reservation. Indeed, it may prohibit intoxicants upon lands near the reservation and upon railroad rights of way through the reservation. See cases supra. And in view of the evils visited upon the Indian by intoxicants, and of the century-old policy to protect the Indian therefrom, it would seem that the omission in that respect in the Crow treaties and statutes was inadvertent and might be cured, even as a like omission in the case of the Flathead and Ft. Peck Indians was. See Act March 3, 1909, c. 263, 35 Stat. 795, 796.

Judgment for claimant.